IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LINDA S. MUSIAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0264-CV-W-DW-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Linda S. Musial ("Musial") seeks judicial review of the denial of her request for disability benefits under Title II and Title XVI of the Social Security Act. Plaintiff has exhausted all of her administrative remedies and therefore judicial review is now appropriate. See 42 U.S.C. §§ 405(g), 1383(c)(3); C.F.R. §§ 404.906, 416.1406. The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated herein only to the extent necessary. After carefully examining the entire record, the Court affirms the Commissioner's decision for the reasons set forth below.

**I. STANDARD OF REVIEW**

The Court's review is limited to determining if the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g) and 1383(c)(3); Travis v. Apfel, 477 F.3d 1037, 1040 (8th Cir. 2007). The review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, the Court also takes into account whatever in the record fairly detracts from its weight. Singh v. Apfel, 222 F.3d 448,

451 (8th Cir. 2000). The Court does not resolve factual conflicts, however, and the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support either side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

## II. DISCUSSION

### A. Credibility Analysis

Plaintiff argues that the administrative law judge ("ALJ")[1] failed to properly evaluate her credibility. Specifically, Plaintiff argues that the ALJ did not examine the record as a whole and evaluate Plaintiff's credibility in light of the Polaski factors.

The Commissioner has the burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony. Masterson v. Barnhart, 363 F.3d 731, 738 (8th Cir. 2004). When making a disability determination, the adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them and must give full consideration to all of the evidence presented relating to: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003) (reciting the Polaski factors). Although the ALJ's analysis is guided by Polaski, the ALJ need not make an

---

[1] The Honorable William E. Zleit.

express finding on each factor. Goff v. Barnhart, 421 F.3d 785, 791 (8th Cir. 2005).

In evaluating the Polaski factors, the Eighth Circuit has advised that the mere fact that working may cause pain or discomfort does not mandate a finding of disability. Ostronski v. Chater, 94 F.3d 413, 418 (8th Cir. 1996). Thus, the primary question is not whether the claimant actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent the claimant from performing substantial gainful activity. Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1996). The ALJ may discount a claimant's subjective complaints of pain only if inconsistencies are apparent in the records as a whole. Id.

As an initial matter, the Court notes that the ALJ cited the Polaski factors in his decision and referenced that standard during his evaluation. The decision proceeds to describe the inconsistencies and other factors the ALJ relied upon to find the Plaintiff not fully credible. The ALJ began by noting that the claimant had a generally stable work record, but that Plaintiff's testimony concerning her work history included a number of inconsistencies which detracted from her credibility. For example, in a Work History Report Plaintiff stated that she was employed on a full-time basis with multiple employers (also supported by her earnings record), even though she testified that she was never able to return to full time employment following her 1990 injury. The ALJ found this to be inconsistent with her allegation of disability.

Plaintiff also testified that she worked full time during her employment from March 1997 to March 1998, and admitted she would have continued to be able to perform the job if she had not been "let go." In evaluating Plaintiff's credibility, the ALJ is permitted to consider the reason the claimant leaves work. See Goff, 421 F.3d at 793 (finding it relevant to credibility when a claimant leaves work for reasons other than her medical condition).

The ALJ also noted evidence in the record related to Plaintiff's course of treatment and medication that undermined the credibility of her subjective complaints. For example, Dr. Sievers noted that Plaintiff's fibromyalgia pain was fairly well controlled by medications and in March 2002, Plaintiff told Dr. Warner that medications were "very helpful" for her pain and psoriasis. See Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993) (when treatment or medication can control an alleged impairment, that impairment cannot be considered disabling).

Plaintiff further testified that she was compliant with her prescribed medication regimen, but treatment notes indicated she did not take her pain medication regularly and in one instance was non-compliant for nearly a month. See Holley v. Massanari, 253 F.3d 1088, 1092 (8th Cir. 2001) (noncompliance with treatment is a proper factor in the credibility analysis); Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997) (failure to follow a prescribed course of treatment without good reason can be a ground for denying an application for benefits).

Plaintiff also argues that Plaintiff's activities of daily living do not constitute substantial evidence that she has the capacity to engage in substantial gainful activity. The Court agrees that minimal activities do not *alone* show an ability to engage in substantial gainful activity on a day-to-day basis, nonetheless "[a]cts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility." Johnson v. Apfel, 240 F.3d 1145, 1148-49 (8th Cir. 2001). In this case, the Plaintiff admitted that she regularly performs a variety of household chores and other normal activities of daily living. Plaintiff's daily activities included helping with the dishes, cooking, washing and folding laundry, shopping, attending church, crocheting, scrap booking, and watching television. The ALJ noted that Plaintiff's reported activities of daily living suggest a physical capacity greater than the limitations to which she

4

testified at the hearing. After review of the entire record, the Court finds that the ALJ properly considered Plaintiff's daily activities and did not afford them undue weight in his overall evaluation of her credibility.

After review of the ALJ's opinion and the entire record, the Court is convinced that in evaluating Plaintiff's credibility the ALJ reviewed and properly weighed all the relevant evidence in the record and his determination is supported by substantial evidence on the record as a whole.

**B.     Medical Evidence**

Plaintiff also challenges the ALJ's findings on the medical evidence. Plaintiff contends that the ALJ failed to afford proper weight to the opinions and reports of Plaintiff's treating physicians. While treating physicians' opinions are entitled to substantial weight, such opinions are not conclusive and must be supported by medically acceptable clinical or diagnostic data. Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996). Further, the ALJ has authority to resolve conflicts between the opinions of the treating and examining physicians. Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996). In the proper circumstances an ALJ may be warranted in discrediting a physician's opinions that are inconsistent with and contradicted by other evidence in the record. Weber v. Apfel, 164 F.3d 431 (8th Cir. 1999).

In his decision, the ALJ carefully addressed the medical evidence presented in this case. He noted that no physician provided an opinion that Plaintiff was disabled or precluded from engaging in work-related activities. Although Plaintiff alleged that she required frequent rest breaks to control her symptoms and submitted a letter in support from Dr. Sievers subsequent to hearing, the ALJ noted that Dr. Sievers statement was inconsistent with her and other physicians' recommendations that Plaintiff engage in regular exercise. The ALJ found the record devoid of

5

any instruction by a physician to take frequent rest breaks or lie down, but merely reflected Plaintiff's own statements to physicians she needed to lie down. See Zeiler v. Barnhart, 384 F.3d 932, 936 (no medical evidence supporting plaintiff's claim that she needs to lie down during the day). Dr. Sievers also concluded that Plaintiff suffered from significant pain, but the ALJ noted that treatment notes indicated that her pain was fairly well controlled by medications. As stated above, if an impairment can be controlled by treatment or medication it is not disabling. See Stout, 988 F.2d at 855. Finally, the ALJ noted that Dr. Warner concluded that "the [Plaintiff's] impairments do not render her totally debilitated, but rather . . . she requires reasonable accommodations."

After considering all the record evidence, the Court finds that the ALJ properly considered and resolved the conflicting opinions of the treating and examining physicians and his determination is supported by substantial evidence on the record as a whole.

### C. Past Relevant Work

Plaintiff argues the ALJ failed to make explicit findings on the functional requirements of Plaintiff's past relevant work and compare it with Plaintiff's residual functional capacity ("RFC") at the time of the hearing.

Generally, the ALJ must make explicit findings regarding the actual physical and mental demands of a claimant's past work and compare the demands of the past work with the claimant's RFC. See Pfitzner v. Apfel, 169 F.3d 566, 568-69 (8th Cir. 1999). When reviewing the record to determine if substantial evidence supports a finding that the claimant is realistically capable of engaging in substantial gainful employment, the Court considers the following factors:

the educational background, work history, and present age of claimant; the subjective complaints of pain and claimant's description of physical activities and impairments; the medical opinion given by treating and examining physicians; the corroboration by third parties of claimant's physical impairments; the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's physical impairments. McMillian v. Schweiker, 697 F.2d 215, 221 (8th Cir. 1983).

Here, the ALJ summarized the exertional and skill-level requirements of her past relevant work and determined that the Plaintiff retained the RFC to perform the requirements of her past work as a data entry clerk, accounting clerk, and telephone operator. The ALJ's determination was based on the medical records and an impartial vocational expert's responses to hypothetical questions. The vocational expert testified that a person with Plaintiff's RFC would be able to perform all of Plaintiff's past relevant work. Social Security regulations explicitly allow the ALJ to rely on the opinion of a vocational expert to determine whether Plaintiff can perform the demands of her past relevant work. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). Thus, the record supports the ALJ's finding that the Plaintiff's vocationally relevant past work, as typically performed within the economy, does not require performance of work-related activities precluded by her RFC.

Plaintiff also argues the ALJ made no findings as to how Plaintiff would be able to return to work if she were required to take frequent rest breaks as "prescribed" by Dr. Sievers or had to lie down as "stated by Dr. Markway." As noted above, the ALJ did not find the Plaintiff's alleged need for frequent rest breaks credible. Having properly limited his determination to only the impairments and limitations he found to be credible based on the record as a whole, the ALJ's

7

RFC determination is supported by substantial evidence. See McGeorge v. Barnhart, 321 F.3d 766, 769 (8th Cir. 2003).

### III. CONCLUSION

After careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

Date:   October 11, 2007                                        /s/ Dean Whipple
                                                                Dean Whipple
                                                                United States District Judge